DELAMATER *against* MILLER—*Certiorari from a Justice's Court.*

ASSUMPSIT, by *Miller* against *Delamater*; for that the former had exchanged his horse with one *Schermerhorn* for his (*S's*) watch, which was in *Delamater's* possession at his (*D's*) house; and which he, being present at the contract, agreed to keep and deliver to *Miller*, who said he should call for it on the *Saturday* following. *Miller* did not demand it till the *Sunday* following, when *Delamater* refused to deliver it, assuming to retain it for a dollar due him from *Schermerhorn*; and he afterwards gave up the watch to *Schermerhorn*, who sold it. Judgment for the plaintiff.

*J. & A. Vanderpoel*, for the plaintiff in error.

*S. Cheever*, for defendant.

*Curia.* The defendant was not bound to regard the demand on *Sunday*; (vid. *Cowen's Treatise*, 135, and the cases

One is not bound to perform a contract on *Sunday*. Where one is bound to perform on demand, yet no demand is necessary where he has put it out of his power to perform: as where a bailee promises to deliver a watch on demand, to the owner, but instead of doing this, gives it up to a third person.

NEW-YORK,   there cited) (*a*) but, as the defendant parted with the
May, 1823.   watch, and thereby put it out of his power to perform the
DELAMATER,  contract, the plaintiff was excused from the necessity of
v.          making any demand. (*Sir Anthony Main's case,* 5. *Rep.* 21
MILLER.     ―*the* 2d *resolution in that case.*)

And the judgment was affirmed.

(*a*) The cases referred to there, though they apply to this case in principle, yet relate more immediately to the question, whether a contract or sale made on *Sunday* is void. *Morgan* v. *Richards,* (1 *Browne's Penn. Rep.* 171,) decides such a contract to be void at the common law. *Drury* v. *Defontaine,* (1 *Taunt.* 131,) denies that a sale on *Sunday* was void at the common law; but admits, *that where any act is forbidden under a penalty, a contract to do it, is now held void.* It overrules the case of *Comyns* v. *Boyer,* (*Cro. Eliz.* 485,) where it was holden that, though it be penal by statute to sell on *Sunday,* at a fair, yet the sale is not void. In *Drury* v. *Defontaine,* the question was whether the sale of a horse on *Sunday* was void, and held that it was not, because the statute, (29, *Car.* 2.) which is the only one that can apply, says, merely, that " no person whatsoever shall do or exercise any worldly labour, business or work, *of their ordinary callings,* upon the Lord's day ;" and because this sale was not work of the vendor's *ordinary calling,* the sale was good. Our statute (2 *R. L.* 193, *sess.* 36, *ch.* 24, *s.* 1,) is, " that there shall be no travelling, servile labouring or working, &c." on that day, without confining it to work in one's *ordinary calling.* In *Geer* v. *Putnam,* (10 *Mass Rep.* 312,) a promissory note, given on *Sunday,* was holden good, though the party, who set up the defence, had lost a debt in *Connecticut* on the same ground ; where the Supreme Court have decided that contracts made on *Sunday* are void, (*Vail* v. *Mumford, decided in* 1789, *cited in* 1 *Swift's System,* 367.) That a party is not bound to perform a contract to deliver goods on *Sunday,* though the agreement be express to deliver them on that day, vid. *Avery et al.* v. *Stewart et al.* (2 *Conn. Rep. N. S.* 69.) In *Swan* v. *Broome,* (1 *Bl. Rep.* 496,) *Sunday* was much considered in relation to the Courts and their process, as well as to contracts.