## Kepner *against* Keefer.

A note given on Sunday is void, and there can be no recovery upon it. If the contract, which was the consideration of the note, had been made on Saturday, in order to enable the plaintiff to recover, his action must be upon the contract, or he is not to make proof of and recover upon it.

A note executed upon Sunday, is not, *per se*, evidence that there was a contract, made on Saturday; and, without other proof, it is error to submit the fact to the determination of the jury.

ERROR to the special court of common pleas of *Juniata* county.

Solomon Keefer against Benjamin Kepner. This was an action of debt upon a single bill, dated the 28th of February 1832, for 250 dollars, payable in three months. After the plaintiff had given the note in evidence, the defendant called John Kozier, Sen., who said, " the note was signed on Sunday, but it was dated the day before. I signed it as a witness on Sunday. Cross-examined: Kepner was there on Saturday, I do not remember that any thing was said about the bargain on Sunday. I was not with them on Saturday. They had been out to see the looms on Saturday. Cannot say if the price was fixed Saturday or not. The plaintiff wrote the note on Sunday and it was signed. I cannot say if the contract was made on Saturday or Sunday. Plaintiff was to leave the looms where they were for the defendant. He did leave them. The note was given for looms. The defendant bought them for his son. He left them there for him according to contract. They spoke that the note was for the looms, and I knew afterwards; the young man said so some time before. The boy had said he was bargaining for them. And when the old man came he got them something cheaper. I heard it on Sunday that the plaintiff was to leave the looms there.".

This was all the evidence given in the cause, as appeared to this court.

The court below instructed the jury in substance, that the note executed on Sunday was void; but if they believed that the contract, which was the consideration of it, was made on Saturday, the plaintiff might recover.

*J. Fisher*, for plaintiff in error, cited the *Act of Assembly of* 1794; 2 *Watts* 170; 3 *Penns. Rep.* 405.

*Benedict*, contra, cited 1 *Taunt.* 131; 10 *Mass.* 312; 1 *Brown* 76; *Chit. on Bills* 59; *Com. on Con.* 59; *Chit. on Con.* 249; 2

*Cro.* 280; 9 *Coke* 66, *b;* 1 *Strange* 702; 2 *Co. Lit.* 241, *note t;* 5 *Serg. & Rawle* 302.

The opinion of the Court was delivered by

KENNEDY, J.—This is an action of debt founded upon a single bill, bearing date the 28th of February 1832, given by the plaintiff in error to the defendant, for the payment of 250 dollars in three months after the date thereof. The plaintiff in error, being the defendant below, pleaded payment with leave to give the special matter in evidence. The defence set up under this plea was, that the bill, though dated the 28th of the month, which was Saturday, was actually signed and delivered on the following day, being the Lord's day, commonly called Sunday; and having been thus executed on Sunday, was therefore void under our act of assembly, passed the 22d of April 1794; *Purd. Dig.* 927, (Ed. of 1837.)

This act, among other things, enacts, that "if any person shall do or perform *any worldly employment or business whatsoever* on the Lord's day, commonly called Sunday, *works of necessity and charity, only excepted, &c.,* and be convicted thereof, every such person, so offending, shall for every such offence, forfeit and pay four dollars, &c." The counsel for the plaintiff in error under this prohibition of the act, after the testimony was closed, requested the court to charge the jury, if they believed the bill was executed and given on Sunday, that it was void. They likewise further requested the court to instruct the jury, that there was no evidence given, from which they could fairly infer a contract made on Saturday between the parties, that would entitle the plaintiff below to recover in this action. The court on the first point instructed the jury as requested; but the court in relation to the second matter, told the jury, that "if a bond given to secure a debt, be void from being executed on Sunday, if the contract was made on Saturday, an action will lie on that contract; such bond, though a nullity, is not in the way of the plaintiff. The contract before made, if otherwise legal, remains in force; so that the case resolves itself into a question of fact, to be determined by the jury. Was the contract made on Saturday or not? If it was so made, the debt contracted on Saturday, the plaintiff would be entitled to recover. If the contract, however, as well as the note, was made on Sunday, the plaintiff cannot recover; yet though a contract made on Sunday is void, a party may by acts and declarations on Sunday, furnish evidence of a contract having been made before."

To the charge of the court on this latter point, exception was taken by the counsel for the defendant below, and has been assigned here for error.

That the bill or note, which is made the foundation of the plaintiff's claim, as set forth in the statement or declaration, if executed on Sunday, is void under our act of assembly, cannot now be doubted;

[Kepner v. Keefer.]

though according to the doctrine laid down in Comyn *v.* Boyer, *Cro. Eliz.* 485, it would not perhaps be so. For it is there said, that "although by the statute, there is a penalty inflicted upon the party that sells upon that day, yet it makes it not to be void." But it has long been established, and is now settled beyond all question, that if any act is forbidden under a penalty, a contract to do it is void.¹⁴ Drury *v.* Defontaine, 1 *Taunt.* 136; Bartlett *v.* Viner, *Carth.* 252; S. C., 5 *Viner Abr.* 507; Mitchell *v.* Smith, 1 *Binn.* 118; S. C., 4 *Dall.* 268; 4 *Yeates* 84.

At common law, the making of a contract, or the giving of a bill on Sunday, as is alleged was done in the present case, was not prohibited, and therefore would not have been void on that account. In Macalley's Case, 9 *Co.* 66, *b;* S. C., *Cro. Jac.* 271, it was held, that an arrest might be made at common law in any case on Sunday. A distinction is there taken between judicial and ministerial acts; the latter might be performed on Sunday, but the former could not. This distinction is also mentioned in Waite *v.* The Hundred of Stoke, *Cro. Jac.* 496, where the legality of travelling on Sunday is recognized. And in Rex *v.* Brotherton, 1 *Stran.* 702, an indictment at common law for exercising the trade of a butcher in selling meat on Sunday, without concluding, *contra formam statuti,* was held bad on demurrer; which could not have been, had not such employment on Sunday been lawful at common law. And this is in conformity to the case of Comyn v. Boyer, cited above, *Cro. Eliz.* 485, where it was adjudged that the holding of a fair for the sale of goods on Sunday, was good at common law. The several statutes also, passed upon this subject, prohibiting sales on Sunday, show that previously thereto, they were not unlawful or inhibited by the common law, otherwise, the passage thereof would have been unnecessary. Accordingly, it was ruled in Drury *v.* Defontaine, 1 *Taunt.* 131, that the sale of a horse made on Sunday by the plaintiff, *not made in the exercise of his ordinary calling,* and therefore not falling within the prohibition of 29 *Car.* 2, *c.* 7, *sect.* 1, was lawful at common law. And again, in Rex. v. Inhabitants of Whitenash, 7 *Barn. & Cress.* 596; S. C., 14 *Eng. Com. Law Rep.* 100–1, a contract made on Sunday between a farmer and a labourer, by which the farmer hired the latter for a year's service, was adjudged lawful and not void, because it did not come within the prohibition of the statute; which extends only to the "worldly labour, business or work of a man's ordinary calling," and forbids the performance thereof on the Lord's day, under a penalty therein mentioned. The words of our act of assembly, however, are much more comprehensive than those of the statute of 29 *Car.* 2, *c.* 7, *sect.* 1, and sufficient to embrace every species of *worldly business,* not therein specially excepted, whether it appertains to, or be in the exercise of a person's ordinary calling or not. By the terms of the act, it is clear that it is not restricted to the business of his ordinary calling,

VI.—2 E

[Kepner v. Keefer.]

so that we think the court below was right in advising the jury that the execution of such a bill, as the one in question, on the Lord's day, came within the prohibition of the act, and was therefore void.

It has been thought proper to refer to the authorities, showing what the common law was on this subject, in order to correct a mistake, into which the court of common pleas of Philadelphia county seems to have fallen, in Morgan *v.* Richards, 1 *Browne* 171, where it says a contract made on Sunday was void by the common law.

In regard, however, to the matter assigned for error here, we think the court below were wrong, in leaving it to the jury as a question of fact, to be decided by them, whether the defendant below had not made or entered into a parol contract with the plaintiff on Saturday, the day preceding the giving of the bill, whereby he became indebted to the plaintiff in the sum of money mentioned therein, to secure the payment of which the bill was given. There appears to have been no evidence given on the trial of the cause, from which the jury could possibly draw the inference of such a contract having been made on Saturday, or on any other day, save Sunday, on which it would seem the bill was executed.

The giving of the bill certainly furnishes no evidence of it; it at most is only evidence of a contract concluded then, and not before, between the parties. The bill in its terms, does not purport to have been given in pursuance of a contract entered into on the day before, or on any previous day; nor yet to be the consummation of such a contract. Neither can the circumstance of the bill's being dated as of the preceding day to its execution, be fairly construed into an admission by the party giving it, that a parol contract to pay a similar amount of money was agreed on between the parties on that day. But supposing it to be equivalent to such an admission, still it is difficult to perceive how it could have availed the plaintiff below, so as to entitle him to recover in this action. It is founded upon the bill in question, and not upon a special agreement, made merely by word of mouth, which possibly might have formed the consideration for giving the bill.

Having shown, that the giving of the bill on Sunday, with a date to it of the preceding day, was not any evidence from which the jury could draw the conclusion, that a contract was made between the parties on the latter day, it remains to see whether any parol or other evidence was given, tending to prove the fact. It is not pretended that any thing else was proved, having the least bearing in this way, except that the defendant below, went with the plaintiff on Saturday to look at the looms, the purchase of which, was proved to have been the consideration of the bill or note. But it would be going too far to say, that this was evidence of their having concluded an arrangement on that day. If they did, why was not the bill given then? The answer, which naturally, if not

[Kepner v. Keefer.]

necessarily presents itself, in the absence of all evidence to the contrary, is, that the parties did not then come to any final agreement on the subject; and therefore the bill was not then given. But on the next day, Sunday, the parties having met again, came to a conclusion, made their agreement as may reasonably be inferred, and in pursuance thereof, the bill was given. But admitting the parties to have agreed on the terms of the purchase on Saturday, which is the utmost that there is any pretence for saying there was done, still the right of the plaintiff below, to recover from the defendant, might be considered perhaps as standing on a different footing from that of his right to recover on the bill, if it were good. The giving of the bill might, were it valid, be considered as equivalent to the payment of the price agreed to be given for the looms, and as vesting the property of the looms in the defendant below, without an actual delivery of them. But regarding the bill as void; and, as it would seem, there was to be no actual delivery of the looms by the plaintiff below to the defendant; but that they were to remain where they then stood for the defendant, who was to come and take possession of them at a subsequent day the contract made on Saturday might possibly therefore be considered only as an executory agreement for the sale of the looms, which, being unaccompanied by a delivery of the possession or payment of any part of the price, would not transfer the right of property; nor be considered sufficient, perhaps, to enable the vendor to maintain *indebitatus assumpsit* against the vendee, for the price agreed to be paid. The defendant in such case, never having taken possession of the looms, the plaintiff's only remedy, possibly, might be an action, founded on the special agreement, to recover such damages as the jury, under the circumstances, might think him justly entitled to.

Be this, however, as it may, it is very certain, that had the evidence given, been such as to have justified the jury in finding that such a contract had been made on Saturday between the parties, it could not have entitled the plaintiff to recover in this action which is brought on the bill alone, and not upon any such special agreement.

Judgment reversed, and a *venire de novo* awarded.