By the Court—Monell, J.
If this action can be maintained for the conversion of the bond and mortgage tinder the facts offered to be proved on the trial, I think the evidence of the conversion was sufficient. The assignment of the bond and mortgage to Beach, without demand or notice to the plaintiff’s assignors, was in violation of their rights, and of itself, a conversion. Besides, it put it beyond the defendant’s power to reassign, and no demand was necessary. (Delamater v. Miller, 1 Cow., 75; Hall v. Robinson, 2 Comst., 293; Dykers v. Allen, 7 Hill, 498.)
Although the assignment of the bond and mortgage was absolute on its face, yet the cotemporaneous note shows conclusively that it was not intended as a sale, but as a security for the loan; and that the assignors designed to retain in themselves the right to redeem upon payment of the sum loaned. It is not to be credited that those / mortgagees could have agreed to sell their security, of the value of $4,000, for the grossly inadequate sum of $1,000. The sale of it by the defendant, without'demand or notice, was an act of great injustice towards the assignors; and no doubt rests in my mind that the law affords them a remedy.
There is no view, it seems to me, in which the transfer of the bond and mortgage by the defendant can be upheld. He made no demand of payment of the sum loaned; he gave no notice of the sale or intended sale; both of which he was bound to do. He sold the bond and mortgage instead of collecting it by foreclosure and sale of the mortgaged premises, and realized the sum of $1,000 only upon it. (Wheeler v. Newbould, 5 Duer, 29.) Thus the rights of the assignors were most grossly violated and invaded.
But the question is, can an action for this unlawful conversion be sustained? or should the plaintiff have resorted to his action in equity, to redeem? The answer to these inquiries depends upon whether a bond and mortgage can be pledged as a security for a debt; for if they can be, then I think the authorities abundantly support the proposition that trover lies.
*327 We have not been referred to a case, nor have I been able to find one, where it is held that a mortgage is not the subject of a pledge. It is true, several of the earlier cases in this State held that the assignment of a bond and mortgage as a security for a debt, is, in itself, a mortgage, but that the right to redeem remains in the assignee. Such was the case in Henry v. Davis, (7 Johns. Ch., 40,) afterwards affirmed by the Court for the Correction of Errors, (2 Cow., 324.) There the plaintiff assigned the bond and mortgage, by an instrument absolute on its face, but it was agreed that the assignment was to be by way of mortgage; and the defendant gave to the plaintiff a writing to reassign the bond and mortgage, on being paid the sum of $225, on a day specified. The plaintiff tendered the debt and interest, and demanded a delivery of the bond and mortgage. The defendant refused to assign, having received the amount of the bond and mortgage and canceled the same of record. The bill was to redeem. The Chancellor says: “The original design of the assignment in this case being admitted to be by way of pledge or mortgage, for a debt, and this design being contained in a collateral instrument, executed concurrently by the defendant, it seems to put an end to all question as to the right of redemption.” And nothing more is established in this case. And in affirming the decree of the Chancellor, the Judge delivering the opinion of the Court, (2 Cow., 334,) says: “Without reference to the construction which the law would put on the transaction, I am satisfied that, at the time, neither party considered the assignment an absolute sale. If it was not, the respondent had a right to redeem, and is not barred by non-payment at the day.” The extent, therefore, of this case is, that the assignment of the bond and mortgage was a pledge or mortgage, in which the assignor had the right to redeem. The dicta of “ once a mortgage, always a mortgage,” has reference to the defeasance contained in it, or in any cotemporaneous instrument, which no agreement of the parties can affect, *328 so as to deprive the party of the right of redemption in a Court of equity.
In Slee v. Manhattan Company, (1 Paige, 48,) the complainant had "assigned to the defendants a bond and mortgage as a security for a debt, by an absolute assignment, containing a power to collect. The defendants foreclosed and purchased in the property. Subsequently, the complainant filed his bill to redeem. The bill was sustained. It was claimed by the defendants in theft answer that the assignment was a sale; but that objection was abandoned. The Chancellor says, “It is now admitted by the defendants’ counsel that the assignment to them from Slee, is on its face nothing hut a mortgages The whole of the argument of the Chancellor in this case, is to show that Slee, notwithstanding the assignment and the subsequent foreclosure of the mortgage retained in himself the equity of redemption. He treats the assignment throughout as a , mortgage, containing the right to redeem, which was not divested by the statute foreclosure. It is to be observed, that both the cases of Henry v. Davis, and Slee v. Manhattan Co., arose prior to the Bevised Statutes, when the rights of a mortgagee and his assignee were greater than now. Then, the mortgagee on default, could maintain ejectment to recover possession of the mortgaged premises, (Jackson v. Dubois, 4 J. R., 216), now he cannot do so. (2 R. S., 312.)
There is nothing in the cases to which I have referred, which declares that a mortgage is not the subject of a pledge. It was not necessary to determine anything more than that the complainant had the right to redeem; and the assignment is variously called a pledge or mortgage as distinguished from a sale, it seemingly being unimportant whether a pledge or a mortgage.
By the common law, a pledge is a bailment of personal property as a security for some debt or engagement. It is usually confined to chattels. Where real or personal property is transferred by a conveyance of the title, as a security, it is commonly denominated a mortgage. (Story *329 on Bailments, § 286.) In case of a mortgage, the whole legal title passes conditionally to the mortgagee, and if not redeemed at the time stipulated, the title becomes absolute at law. But in a pledge, a special property only, passes to the pledgee, the general property remaining in the pledger. (Id., § 287.) A delivery is essential to a pledge, it was for along time doubted whether incorporeal things, like debts, money in stocks, &c., which cannot be manually delivered, were proper subjects of a pledge. It is now held that they are. (Wilson v. Little, 2 Comst., 443.) Hence, any species of personal property or chattel interest may be the subject of a pledge; and although the pledger parts with the possession of the pledge, he retains •his general property in it, and the pledgee has but a special or qualified interest.
Let us now see whether a bond and mortgage is or can be the subject of a pledge. Whatever may have formerly been the law, a mortgage is now regarded as a mere security for the payment of the debt due to the mortgagee ; in the language of Mr. Justice Story, (2 Story Eq., § 1015,) “A mortgage is but a pledge or security for the payment of the debt or the discharge of the other engagements for which it was originally given.” In Green v. Hart, (1 Johns., 580,) it is said, “ Courts of equity consider mortgages according to the essential nature of the contract, and give them operation according to the intention of the parties; the debt is, consequently, then esteemed the principal, and the land the incident; and whenever the debt is discharged, the interest of the mortgagee in the land ceases, of course.” So, in Jackson v. Willard, 4 Johns., 41, the Court, quoting from Ld. Hardwicke, who says, “ even the law considers the debt as the principal, and the land as an incident only,” applies the principles of equity to courts of law, as to the nature and effect of a mortgage. Kent, Ch. J., says, “It has been said, and repeated, that it was an affront to common sense to say that a mortgagor in possession was not the real owner; that the mortgagee, notwithstanding the form, has but a chattel, *330 and the mortgage is only a security.” The question in this case was, whether the interest of the mortgagee could be sold under execution. It was held it could not be. That, until foreclosure, or at least until possession taken, the mortgage remained in the light of a chose in action. See also, Runyan v. Mersereau, (11 Johns., 534.) In Waring v. Smyth, (2 Barb. Ch., 119.) After adverting to the restriction of the Revised Statutes in depriving the mortgagee of the power to bring a suit to recover the possession of the mortgaged premises, before a foreclosure, and that the mortgagor is the real owner of the fee, the Chancellor says, “the mortgage, then, is here nothing but a chose in action, or a mere lien or security upon the mortgaged premises, as an incident to the debt itself.”
In The Morris Canal and Banking Company v. Fisher, (1 Stock. N. J., 667), the stockholders, for the purpose of raising money for certain purposes, authorized their directors to issue the bonds of the company, payable to bearer, to be secured by a mortgage of the canal and appurtenances. The mortgage was executed to three trustees, acknowledged and recorded. Afterwards, the directors authorized the president of the company to borrow $30,000 on the notes of the company, and to deposit with the notes, as collateral security, the company’s mortgage bonds, to twice the amount of the notes. The president borrowed of one Lewis, $1,500, gave him the company’s note for the amount, at eight months, and deposited with him $3,000 of their mortgage bonds. The note not being paid at maturity, Lewis, after notice to the company, advertised the bonds for sale, and sold them at public auction. The plaintiff (Eisher) bought them at the sale. The defendants having refused to pay the interest on the bonds, the bill was filed for the foreclosure and sale of the canal property and appurtenances. It was claimed that the bonds were not the subject of a pledge; that Lewis could not sell, but could only collect the company’s note, and that the company had the right to redeem on paying the $1,500 and interest. The Court, however, held that the deposit of *331 the bonds was a pledge; that they passed by delivery, and that no assignment in writing was necessary. The defendants further claimed, that even if Eisher had acquired title to the bonds, yet he was not entitled to the benefit of the mortgage security, inasmuch as the mortgage was not assigned, and being a chose in action, could not pass by delivery. But the Court says, “ it is well settled that the debt secured by the mortgage is the principal thing; the mortgage is only an incident to the debt, and passes with the debt; referring, among others, to Green v. Hart, (1 Johns., 580,) and Langdon v. Buel, (9 Wend., 80.) I am of opinion that the complainant is entitled to the benefit of the mortgage to the extent of the bonds held by him, and to have the amount due paid by a salé of the mortgaged property.” Here, then, both the bonds and the mortgage were regarded as subjects of a pledge, and without assignment in writing passed to the pledgee, subject, of course, to all the usual rights of the pledger.
It seems to me, therefore, that if a mortgage is a “pledge ” or security for the payment of a debt, a “ chattel,” a mere “ chose in action,” according to the cases to which I have referred, it is necessarily the subject of a pledge; and that the contract by which it is pledged, vests the pledgee with only a qualified and special property in it, the pledger retaining the general ownership.
If I am correct in my conclusion that a mortgage may be pledged, I shall have no difficulty in determining in this case, that it was the intention of the plaintiff to give the defendant only such qualified and restricted property in, and right to, the assigned mortgage, as a pledge would bonfer.
In McLean v. Walker, (10 Johns., 472,) anote was delivered, payable in wheat, with an agreement that the plaintiff might redeem it by paying a certain sum, at any time within six months after the note became due. The Court held it a pledge and not a mortgage; that there was no sale; that it was merely deposited with the party, and that the legal property did not pass, as it does in the case of a mortgage. (See, also, Stearns v. Marsh, 4 Denio, 227.)
*332 The ease of Wilson v. Little, (2 Comst., 443,) was in most respects like the present case. There, upon a loan of $2,000 by the defendant, the plaintiff deposited with him, “as collateral security, with authority to sell the same at the brokers’ board, or at public auction, on non-performance of this promise, without notice, fifty Erie.” The action ■ was for the wrongful selling of these shares. The Court say the transaction was a pledge and not' a mortgage; and they reject the idea that it is invariably true, that in all cases where the legal title is transferred to the creditor, the transaction is a mortgage and not a pledge. They held delivery essential to a pledge, but affirm that debts and dioses in action are capable, by means of a written assignment, of being conveyed in pledge.
The assignment of the bond and mortgage by the plaintiff to the defendant, and the cotemporaneous agreement of the parties, constituting, then, the transaction a pledge, the defendant took only such property in the mortgage as an ordinary pledgee acquires, and was subjected to all the duties and obligations imposed upon that class. Upon default in the payment of the sum loaned, he could have demanded payment, and possibly, on giving notice, have sold the mortgage. But he did neither of these. He did not demand payment, as is required by Wilson v. Little, supra, nor did he sell. He received the grossly inadequate sum of $1,000, by collusion with Beach; assigned to him the mortgage, who satisfied it of record. Here was a palpable conversion, a tortious and unlawful violation of the rights of the plaintiff, and for the reasons I have before stated; the defendant is liable in this action. (McLean v. Walker, and Wilson v. Little, supra.)
We think the Judge erred in overruling the evidence offered, and in dismissing the complaint.
There should be a new trial, with costs to abide the event.
Babbour, J., concurred in this opinion.
*333 The Ghief Justice also concurred, assigning the following additional reason for reversal.
Bosworth, Ch. J.
We are justified in inferring from the facts offered to be proved that the note in this case, made by Ten Eyck & Cochran, is, in terms, like that in Wilson v. Little, (2 Comst., 443.)
Where an instrument transferring stock operates as a pledge of it, and not as a mortgage, a transfer of a bond by an instrument in the same form will operate as a pledge of the bond. Though secured by a mortgage of real estate, the bond is the principal and the mortgage is incident to it.
I think, therefore, that the facts offered to be proved would constitute a pledge and not a mortgage. But whether the one or the other, is immaterial in this case, the plaintiff’s assignors, and, subséquently, the plaintiff, tendered to the defendant the amount due on the loan, and demanded the bond and mortgage.
The tender destroyed the lien on the bond and mortgage, whether Parker was pledgee or mortgagee; and trover will lie for a refusal to deliver them, or for an actual conversion of them. (Kortright v. Cady, 21 N. Y. R., 343.) If ejectment to recover the possession of real estate will lie against a mortgagee in possession, upon a tender of the amount due, made at any time before foreclosure, it needs no argument to show that a .tender of the amount secured by a mortgage of chattels will destroy the lien, and authorize a recovery of the chattels, or damages for their conversion.
The proof offered was to the effect that, although the defendant had assigned the bond and mortgage to Joshua M. Beach, yet he did not sell or offer to sell them, “ but concocted this plan with Beach to enable him to procure the cancelment of the mortgage,” he having an interest in the mortgaged property.
On such a state of facts as the plaintiff offered to prove, his action was maintainable, and the dismissal of his com *334 plaint was erroneous. The judgment should be reversed and a new trial granted, with costs, to abide the event.