## SAYRE v. WHEELER.

1. **Promissory note:** ASSIGNMENT OF NON-NEGOTIABLE PAPER: DEFENSES. While, under our statue (Rev., § 1796), a non-negotiable note is assignable, it is subject in the hands of the assignee to any defense or set-off which the maker had against any assignor thereof before notice of the assignment.

2. **Sunday:** CONTRACTS: PROMISSORY NOTE. A promissory note purporting to be executed on Sunday is void under our law; and this rule will be applied to a note executed in another State in the absence of a proof that the law of such State is, in this respect, different from ours.

3. —— EXCEPTIONS: PENAL STATUTES: ONUS. In the absence of proof, it will not be presumed that the case comes within the exception of the statute respecting persons who conscientiously observe the seventh day instead of Sunday. The rule applied, that where the *proviso* of a criminal or penal statute, excepting certain persons or cases from its operation, is disconnected from the statutory description of the offense, the burden of showing the exception is on the party claiming it.

4. —— RECOVERY ON ORIGINAL CONTRACT. It seems, where the note is void because executed on Sunday, that the payee is not precluded from recovering upon the original consideration or contract.

*Appeal from Boone Circuit Court.*

SATURDAY, JANUARY 28.

ACTION upon a promissory note signed by the defendant, of which the following is a copy: "January 1st, 1860. $74.84. One day after date I promise to pay A. T. Jenkins $74.84, for value received, with ten per cent interest from date." Indorsed as follows: "February 18, 1861, I assign the within note to P. A. Sayre, without recourse on me, A. T. Jenkins." The defendant, for answer, averred, 1st, that the note was made in Missouri, on Sunday, and was void; 2d, as a set-off, that while Jenkins was owner of the note, he did work for him and delivered him pro-

visions (stating dates and items) to the value of $79.50, and asked judgment for balance. Demurrer to set-off sustained. Trial to court; judgment for plaintiff, and defendant appeals.

*W. R. Lawrence* for the appellant.

*Hull & Ramsey* for the appellee.

Cole, J. — I. The note sued upon is non-negotiable by the law-merchant, but under our statute is "assignable by indorsement thereon, or by other writing, and the assignee shall have a right of action in his own name, subject to any defense or set-off, legal or equitable, which the maker or debtor had against any assignor thereof before notice of his assignment." Rev., § 1796. The defendant pleaded a set-off which accrued to him against the payee of the note, Jenkins, while he was the owner and holder of it. It was therefore a legal set-off which the maker had against the assignor thereof before notice of the assignment, and subject to which the plaintiff must have taken the note. Hence, the court erred in sustaining the plaintiff's demurrer to the set-off.

*1. Promissory note: assignment of non-negotiable paper: defenses.*

II. The plaintiff introduced the defendant as a witness, and by him proved that he executed the note in Missouri. And the bill of exceptions recites that "the court took judicial notice that January 1, 1860 (the date of the note), was Sunday." Our statute makes it a penal offense to be "engaged in any labor" (the work of necessity and charity only excepted) on Sunday. There is a *proviso* to the first section of the act that nothing therein contained shall be construed to extend to those who conscientiously observe the seventh day, etc. The statute imposes a penalty for doing certain things on Sunday, and that implies a prohibition, making

*2. Sunday: contracts: promissory note.*

the doing of the things prohibited unlawful. *Pike* v. *King*, 16 Iowa, 49, and cases there cited. It was held in *Reynolds, for use, etc.,* v. *Stevenson*, 4 Ind. 619, that the making of a promissory note on Sunday was "common labor" within the meaning of their statute, and such note was held void. See, also, *Allen* v. *Deming*, 14 N. H. 133; *Towle* v. *Larrabee*, 26 Me. 464; *Adams* v. *Hamell*, 2 Doug. (Mich.) 73, and *Link* v. *Clemens*, 7 Blackf. 479; 4 Western Jur. 92. Following these authorities the note in this case must be void, for in the absence of any proof to the contrary the laws of the State of Missouri will be presumed to be the same as in this State. *Bean* v. *Briggs*, 4 Iowa, 464.

But it is claimed that there is no showing in this case but that the parties to the note conscientiously observed the

3. —— exceptions: penal statutes: onus.

seventh day; in which case the note would not be invalid. The rule, however, is that where the *proviso* of a criminal or penal statute exempting certain persons or cases from its operation is disconnected from the statutory description of the offense, the burden of showing the exemption is on the party claiming it. *Hirn* v. *The State*, 1 Ohio St. 15, and cases cited; 1 Whar. Am. Cr. Law, §§ 378 to 380, and authorities cited in the notes.

But, even if the note be found void, it may not necessarily follow that the plaintiff cannot recover upon the

4. —— recovery on original contract.

original consideration by so amending his petition as to adapt it to such claim.

                                                    Reversed.