ANNA M. O'DOUGHERTY, Respondent, *v.* THE REMINGTON PAPER COMPANY, Impleaded, etc., Appellant.

Plaintiff, being the owner of a bond and mortgage, assigned them to C. as security for a debt. C. brought an action to foreclose the mortgage, claiming only the amount due him, and judgment was obtained therein, adjudging that C. had a lien for that amount, and directing the enforcement of such lien by a sale, etc. Plaintiff thereafter paid the amount due C., and then brought this action to foreclose the mortgage. *Held,* that the judgment in the prior action was not a bar ; that after plaintiff had discharged the lien of C., the mortgage was restored to her as fully, and her relation to it was the same, as if there had been no assignment ; that the rule that where an action is brought for part only of an entire demand, the verdict and judgment are a conclusive bar to a subsequent action, for another part of the demand, did not apply.

(Submitted April 30, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*L. J. Dorwin* for appellant. The condition of the assignment not having been performed, Carpenter's title to the mortgage became absolute at law without any sale being made. (*Langdon* v. *Buel,* 9 Wend. 83 ; *Case* v. *Boughton,* 11 id. 109 ; *Patchon* v. *Pierce,* 12 id. 62 ; *Smith* v. *Acker,* 23 id. 667 ; *Fuller* v. *Acker,* 1 Hill, 475 ; *Burdick* v. *McVanner,* 2 Den. 170 ; *Hill* v. *Beebee,* 13 N. Y. 556–565 ; *Hitchcock* v. *N. J. Co.,* 26 id. 68–71 ; *Hale* v. *Sweet,* 40 id. 197–203 ; *Swift* v. *Hart,* 12 Barb. 530–533 ; *Fox* v. *Burns,* 12 id. 677, 678 ; *Howland* v. *Willet,* 3 Sandf. 607 ; *Chamberlain* v. *Martin,* 43 Barb. 607 ; *Haskins* v. *Kelly,* 1 Rob. 160–170 ; *Dane* v. *Mallery,* 16 Barb. 46.) Where the cause and object of two actions are the same, a judgment in the prior bars the subsequent suit. When the cause or object of two actions are different, though the point in dispute is the same in both, the prior judgment is

no bar to the subsequent action, but the verdict (decision) is matter of evidence to prove such point. (Swift's Ev. 17; 2 C. and H. Notes [Edw. ed.], 15, *n.* 261; *Gardner* v. *Buckbee,* 3 Cow. 120–126; *Burt* v. *Sternburg,* 4 id. 559–563; *Wood* v. *Jackson,* 8 Wend. 10, 24, 25; *Coles* v. *Carter,* 6 Cow. 691; *Wright* v. *Butler,* 6 Wend. 284–289; *Lawrence* v. *Hunt,* 10 id. 80; *Young* v. *Rummel,* 2 Hill, 478–480; *Miller* v. *Manice,* 6 Hill, 114, 132; *Bouchard* v. *Dias,* 3 Den. 238, 243, 244; *Embury* v. *Connor,* 3 N. Y. 511, 522; *Doty* v. *Brown,* 4 id. 71–75; *White* v. *Madison,* 26 id. 117, 129; *Kerr* v. *Hays,* 35 id. 231, 338.) At the time of the foreclosure the mortgage constituted one indivisible demand, and a judgment for a part would be a bar equally with a judgment for the whole. (*Bendernagle* v. *Cocks,* 19 Wend. 207, 215; *Phillips* v. *Berrick,* 16 Johns. 136; *Fish* v. *Folley,* 6 Hill, 54; *Colburn* v. *Woodworth,* 31 Barb. 381, 384; *n.* 264, Cow. and Hill's notes [Edw. ed.], vol. 2, p. 20.)

*D. O'Brien* for respondent. The enforcement by Carpenter, in an action, of his partial interest, is no bar to an action by Anna M. O'Dougherty to collect the whole bond and mortgage, the interest of Carpenter having been paid and the pledge redeemed. (*Campbell* v. *Consalus,* 25 N. Y. 613; *Jarvis* v. *Driggs,* 69 id. 143.)

EARL, J. This action was commenced to foreclose a mortgage, and the plaintiff obtained a judgment of foreclosure, from which the above-named defendant has appealed. The mortgage was dated July 24, 1861, and was executed by Patrick O'Dougherty to John O'Dougherty, to secure the payment of $4,500 in four annual installments. In December, 1861, John assigned the mortgage to the plaintiff, and in April, 1870, she assigned the same to one Carpenter, to secure to him the sum of $1,334.94, and the assignment was expressed to be upon the condition that it should be void upon the payment of that sum. That sum not having been paid, in 1872 Carpenter commenced an action to foreclose the mortgage, making all the parties to

this action defendants in that.   Patrick O'Dougherty appeared in that action and set up as a defense that the mortgage was executed by him, for the sole purpose of securing the mortgagee against liability on account of certain indorsements of notes, which had been paid, and by reason of which the mortgagee sustained no damage, and that the mortgage was, therefore, of no validity.   Anna O'Dougherty also appeared and simply denied personal liability upon the covenant contained in her assignment.   None of the other defendants in that action answered.   That action was brought to trial upon the issues thus made at a Special Term, and judgment was given for the plaintiff, adjudging that he had a lien upon the mortgaged premises for the sum of $1,334.94, the amount of the debt to secure which the assignment was made, and the premises were ordered to be sold, or sufficient of them to pay that sum.   From that judgment Patrick and Anna appealed to the General Term of the Supreme Court, and then to the Court of Appeals, and the judgment was affirmed.   (2 T. & C. 427 ; 58 N. Y. 681.)   Afterward, Anna paid the amount due Carpenter by virtue of that judgment, and then in 1876 commenced this action.   The Remington Paper Company, claiming to have an interest in the mortgaged premises, was the only defendant answering, and it set up the judgment in the prior action as a bar and defense to this, and its sole reliance now upon this appeal is the adjudication in that action.

I can perceive nothing in that adjudication which furnishes a defense to this action.   The assignment by Anna to Carpenter constituted a pledge of the mortgage to him as security for the sum named.   (*Haskins* v. *Kelly*, 1 Rob. 160 ; *Campbell* v. *Parker*, 9 Bosw. 322.)   She remained the general owner of the mortgage, and he had a special interest therein as security for the sum named.   Such was the legal effect of the transaction, notwithstanding the particular language used in the assignment.

The defense set up by Patrick in that action was not sustained.   It was not there adjudged that the mortgage was invalid, or that it was valid only to the amount of Carpenter's

lien.   The court determined that he had a lien to the extent of the sum named, and, as he had no further interest, adjudicated that his lien to that extent be enforced upon the mortgaged premises.   Subsequently she paid and discharged that judgment.   It matters not from what source she obtained the means to do it.   It is sufficient that the lien was not finally enforced against the mortgaged premises.   After she had thus discharged the lien the mortgage was restored to her as fully as she owned and possessed it before her assignment, and her relation to it was the same as if she had never assigned it, and no suit had ever been commenced thereon.

The further claim is made by the appellant that the mortgage was one entire demand, and that there could be but one suit to judgment for the enforcement of the same, although the judgment was but for part of the sum secured thereby; and to maintain this claim, the cases are cited which hold that where an action is brought for a part, only, of an entire demand, the verdict and judgment in such action are a conclusive bar to a subsequent action for another part of the same demand. (*Phillips* v. *Berick*, 16 Johns. 136 ; *Bendernagle* v. *Cocks*, 19 Wend. 207 ; *Fish* v. *Folley*, 6 Hill, 54.)   The principle invoked has no application to this case.   If Carpenter had proceeded to judgment and sale for a part only of his demand, the whole being due, and then had brought another action to enforce the balance, the principle could have been invoked against him. While he might possibly have foreclosed for the whole amount due upon the mortgage, and have taken enough of the proceeds to satisfy his claim, he demanded in that action only the amount due him, and took judgment only for that amount.   Judgment was not claimed for the balance of the mortgage still payable to this plaintiff.   When she discharged his lien, she did not take title to the mortgage from him, and she does not now hold the mortgage under him.   She holds it by virtue of the assignment to her by John O'Dougherty.   The pledge is restored to her as perfect as it was before she pledged it.   It is unaffected by any thing which the pledgee did with it.

The principle contended for is applied to prevent vexatious

litigation.   A suit and judgment for part of an entire demand and payment of the judgment do not actually satisfy the demand.   But the policy of the law is to compel a party to litigate an entire demand in a single action; and if he splits it up and sues for part, he shall not subject the party thus sued to further expense and litigation as to the other part; and the whole demand is, therefore, treated as merged in the first judgment.   This principle is rigidly enforced in common-law actions, but there must be many cases in equity where the courts, having ample power so to mold the relief granted as to prevent injustice, will not enforce it unless equity in the particular case requires it.

Here the plaintiff has never before sought to enforce her demand.   She did not institute the prior action, and did not control it.   That action and judgment harmed no one but her. She paid the judgment.   No part of the mortgage has been enforced against the mortgaged premises, and, so far as now appears, no part thereof has been paid.   She holds a valid mortgage for the whole amount secured thereby, and no reason appears in this record why she should not enforce the same.

The judgment should be affirmed.

All concur; FINCH, J., not on bench at argument.

Judgment affirmed.