STEDMAN and others *vs.* THE WESTERN TRANSPORTATION COMPANY.

By the contract between the owners of goods and common carriers, risks by fire, in the transportation of the goods, were expressly excepted. *Held* that by the terms of the contract, only ordinary risks were intended, and that the carriers were not excused from liability, in case of loss, if the loss was caused by the fault or negligence of the carriers, or their agents or employees.

*Held, also,* that the carriers were exempted from liability for a loss of the goods occurring by fire while in a railroad depot at an intermediate point, on the line of transportation; unless their negligence, as common carriers, in transporting the goods, contributed to produce the loss.

Where no particular time is named within which goods are to be forwarded, or that they shall be forwarded at once, without any delay, carriers are entitled to such time as will be reasonable in the ordinary course of the business in which they are engaged.

Goods received by the defendants, as common carriers, from the plaintiffs, at Boston, to be transported to the west, arrived at the railroad depot, at East Albany, on the 27th and 28th of June, 1861, and were stored in the warehouse of the railroad company, where they remained until the 5th day of July, when the warehouse and its contents were destroyed by fire. The defendants had no direct notice of the arrival of the goods, but they were left to be called for, in the usual course of business, which was for the defendants to send a boat for them once a week, or once every two weeks, or as often as there were enough to send a boat for. *Held,* that the delay in the transportation of the goods was not unreasonable, but in accordance with the usual course of business, and not beyond the ordinary time allowed for that purpose. And that there was no rule requiring the defendants to act *immediately,* and transport what goods were on hand without regard to the quantity, or the expense caused by thus deviating from their usual custom and practice.

Where, in an action against carriers, the plaintiff intends to claim that there is a disputed question of fact in regard to the defendant's negligence, he should make a distinct request that it be submitted to the jury.

THIS action was brought to recover $516.84, as damages, for the loss of certain goods received by the defendant, as a common carrier, from the plaintiffs, at Boston, to be transported to the west, and which were destroyed by fire, at East Albany, on the 5th of July, 1861. The goods in question were delivered on the 26th day of June, 1861, at the depot of the Western railroad, in Boston, for which a receipt was given by the railroad company. This receipt, as was the usual

VOL. XLVIII.          7

practice, was carried to the regular agent of the defendants, in Boston, and exchanged for a through bill of lading from Boston to the different destinations at the west, for a gross sum of freight. The defendant was a common carrier by water to the west, but had no line of its own between Boston and Albany. The goods were received at the railroad depot at East Albany, partly on the 27th and partly on the 28th of June. The defendants did not remove them, and on the night of July 5th the depot and goods were entirely consumed. The bill of lading given by the defendants, at Boston, had a clause exempting them from the risks of fire, and in the contract with the railroad company damages by fire were excepted, and it was stipulated that such losses "should be borne by the owner." This, the plaintiffs insisted, only exempted from the ordinary damages of fire in the course of a proper and prompt transportation, and that the defendants were guilty of neglect.

The action was tried at the Albany circuit, before Justice INGALLS and a jury, on the 16th of November, 1865, and at the conclusion of the plaintiff's testimony the court dismissed the complaint. Judgment was entered in favor of the defendants, from which the plaintiff appealed.

*Bliss & Cadwallader,* for the appellants.

*J. Hubbell,* for the respondents.

*By the Court,* MILLER, J. By the contract made between the plaintiffs and the defendants, risks by fire, in the transportation of the goods were expressly excepted. Under the terms of the contract, I think, only ordinary risks were intended, and that the defendants were not excused if the loss was caused by the fault or negligence of the company or its agents or employees. (*Smith* v. *N. Y. Central Railroad Co.* 24 *N. Y. Rep.* 230. *Perkins* v. *The Same, Id.* 206. *Wells* v. *Steam Navigation Co.,* 4 *Seld.* 375.) The defendants, therefore, would be exempted from the claim of the plaintiffs

to recover, in this action, unless their negligence as common carriers, in transporting the goods, contributed to produce the loss.

The question, then, is, whether the delay in forwarding the goods from the Western railroad depot, at East Albany, was unreasonable and established a case of negligence. I think it did not establish any such case. The goods arrived at East Albany on the 27th and 28th of June, 1861, were stored in the warehouse of the railroad company, and there remained until the 5th day of July, when the warehouse and its contents were destroyed by fire. The defendants had no direct notice of the arrival of the property ; but, according to the testimony, they were left to be called for, in the usual course of business, which was for the defendants to send a boat for them once a week, or once every two weeks. The agent of the defendants would come to ascertain whether the goods were there, and take them as soon as he thought there was enough to send a boat for. The agent was there on the 1st or 2d of July, and some conversation was had with him about bringing a boat to take the goods ; but it does not appear that any boat was sent for that purpose. The goods were not left in an exposed or dangerous place ; for the building was well built and well guarded against fire.

No particular time having been named, within which the goods were to be forwarded, the defendants were doubtless entitled to such time as would be fair and reasonable, in the ordinary course of the business in which they were engaged. From the evidence in the case, and the surrounding circumstances, it would seem that the delay in the transportation of the goods was not unreasonable, but in accordance with the usual course of business, and not beyond the ordinary time allowed for that purpose. There was no agreement that they should be forwarded within a given time, or at once, without any delay ; and it was by no means remarkable that they should have been left until a load could be obtained for transportation in a boat. There is certainly no direct evidence to

show any particular neglect on the part of the defendants, and I am not aware of any rule which could compel the defendants to act *immediately* and transport what was on hand, without regard to the quantity, or the expense incurred by thus deviating from their common custom or practice in such cases. Neither is there any evidence in the case to show that the agent acted differently from what he always did, in reference to taking the goods from the railroad depot, to a boat, for the purpose of transportation.

If it be insisted that the few days in which the property remained at the railroad depot was an unusual delay, then may it not be urged with equal force that a loss of time would have been ?   That they should have been moved at once, without any delay and with all possible expedition ?   I am not aware of any case which has gone to the extent of holding that the time which the goods were detained in the present case, under the circumstances existing, was sufficient to make the common carrier liable.   In *Michaels* v. *The Central Railroad Company,* (30 *N. Y. Rep.* 564,) to which we have been referred, where the goods were delivered to a railroad company by a connecting railroad company, to be transported to the owners, and they were detained some three days on the ground that by the regulations of the defendant they were not to be forwarded until the receipt of a bill of back charges, it was *held* that the company were not justified in the detention, and were liable for their loss.   It will be observed that this case differs entirely from the one under consideration, where it appears that the defendants acted in entire conformity with the accustomed manner of dealing and of doing business.

It is said that the delay was at least evidence of neglect to be submitted to the consideration of the jury, as a question of fact.   The plaintiff's counsel made no such request.   If he had intended to claim that there was a disputed question of fact in regard to the defendants' negligence, he should have made a distinct request that it should be submitted to the jury.   (*Barnes* v. *Perine,* 2 *Kern.* 18.)   When the court

assumes that the weight of the evidence is in a particular direction, and so decides, if no objection be taken to this course at the time, it is regarded as done with the assent of parties. They have a right to object, in all cases, where the verdict, either way, would not be set aside as unwarranted by the evidence, and if they do object, and demand the submission of the case to the jury, the demand must be complied with. (*Bidwell* v. *Lament*, 17 *How.* 357.)

As no request was made to submit the question as to negligence to the jury, and as there is some evidence to sustain the decision of the judge, I think that the point last discussed is not well taken.

As I discover no error on the trial below, the judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Hogeboom* and *Ingalls,* Justices.]