By the Court, Robertson, Ch. J.
Upon the issue made by the answer and reply, as to the note mentioned therein, no evidence was adduced on the trial. The production of the note by the defendant would have been prima facie evidence that he was the owner for a valuable consideration, and have thrown on the plaintiff the burden of proving that *543 it was obtained under the circumstances , mentioned in the reply.
The refusal to dismiss the complaint because the plaintiff did not set out the assignment, or state that he was a trustee; the rejection of the insolvent discharge papers of the plaintiff" and Van Pelt; the exclusion of the question as to the destination of the money collected; the refusal to charge that Mrs. Hoogland was a necessary party, or the plaintiff precluded from suing except as trustee; and the direction to find a verdict for the amount claimed, were all correct.
The plaintiff became the legal owner of the claim by the assignment, and it was immaterial to the defendant whether he received the money in his own right or as trustee. The insolvent papers only tended to establish that neither the plaintiff nor Van Pelt claimed that the amount set down in such assignment as due to the former was so due. Even if the assignment had been wholly gratuitous, it did not affect the plaintiff’s claim, unless the defendant had a good set-off of claims upon Hoogland & Van Pelt. The assignment by the plaintiff of his claim against the latter to his mother, even if proved, would not have invalidated the assignment to him of the claim in question, although it might have explained why such claim was not mentioned in his insolvent papers. She was no more a necessary party than any other cestui que trust. The question as to the destination of the money was one of law, and immaterial. There was no request even to submit any question of fact to the jury, and their non-submission is no ground of objection, under a general exception, to a charge to find for either party. (18 N. Y. Rep. 558.)
There was nó evidence that the advance to the defendant had any thing to do with the Bailey check. If it had had, there was some evidence tending to show fraud. From the whole case, therefore, it appears that the direction for an absolute verdict was correct. There must be judgment for the plaintiff on the verdict, overruling the exceptions. •