## N. Y. SUPERIOR COURT.

THEODORE SCHROFF and CHARLES SCHNEIDER, plaintiffs and respondents, agt. WILLIAM BAUER, defendant and appellant.

When no specific request is made for the submission of any question of fact to the jury, and a verdict is directed by the court, to which direction only a general exception is taken, the point, that such question should have been submitted to the jury, cannot be raised for the first time on appeal, although the evidence may not be entirely clear or uncontradicted.

*General Term, March,* 1871.

*Before* MONELL, McCUNN *and* FREEDMAN, *JJ.*

APPEAL from judgment and order denying defendant's motion for a new trial made on the judge's minutes.

The action was for the recovery of a commission, fixed by the agreement of the parties, at $140 00, and claimed to have been earned by the plaintiffs, as brokers, in affecting a sale of defendant's house to one Kaesinger.

The defendant admitted the employment, and the agreement to pay the said sum of $140 00, but averred, that said agreement was on the express condition, that the purchase should be first completed, the title passed and the purchase price paid, which had not been performed.

On the trial, the defendant claimed and was decided to hold the affirmative of the issue.

Upon being placed upon the stand, the defendant testified substantially to the condition alleged in the answer and also, among other things, that through the intervention of the plaintiffs a contract under seal was entered into between defendant and Kaesinger, whereby said Kaesinger agreed to purchase defendant's house for $19,600 00 ; that $500 there-

of were paid down, but Kaesinger subsequently backed out.

On cross-examination he admitted, that upon the receipt of the $500 00, plaintiffs demanded their commission which they wanted to deduct from the sum so received, and that he, the defendant told them that it was no matter, that they should have their commission in a few days, whether Kaesinger took the property or not.

It further appeared from the defendant's testimony, that about seven days after the execution and about twenty-three days before the maturity of the contract, the purchaser, in a conversation had with the defendant, informed the latter, that he did not want the house ; that no deed was ever prepared or tendered to the purchaser, and that no action was ever commenced against him.

After defendant had rested, plaintiffs proved the interest on the amount claimed, and the court thereupon directed the jury to find a verdict for the plaintiffs, which was done, and to which direction, defendant excepted.

A motion for a new trial, on the judge's minutes, was denied.

OTTO MEYER, *attorney for plaintiffs.*
STALLKNECHT & HALL, *attorneys for defendant.*

*By the court,* FREEDMAN, J.—In looking over the evidence, and considering it in the light most favorable to the defendant, it seems clear, that the learned judge who tried this case, found that the defendant had waived the condition originally annexed to his promise. Whether or not such waiver had taken place, was a question of fact to be deduced from the whole evidence, which was uncontradicted. The defendant might have insisted upon its submission to the jury, and if such request had been made in terms, it would probably have been error to refuse it. But the defendant did not see fit to do so. Having assented to the substitution

of the judge in the place of the jury on that question, and there being some evidence to sustain the conclusion at which the court arrived, the matter of fact involved therein is not reviewable, on appeal from the judgment, under a general exception (*Dows* agt. *Rush,* 28 *Barb.,* 157 ; *Marine Bank of N. Y.* agt. *Clements,* 31 *N. Y.,* 43 ; *Wilklow* agt. *Lane,* 37 *Barb.,* 244.)

The authorities are quite numerous, that where no specific request is made to the judge to leave any particular question of fact to the jury, and he gives to the jury a diretcion to find a verdict either in favor of the one party or the other, although the evidence may not be entirely clear or uncontradicted, to which ruling only a general exception is taken, the point that such question should have been submitted to the jury, cannot be raised, under the exception aforesaid, in the appellate court for the first time. The request must be made on the trial, and should be so distinct and specific, that the court can pass directly upon it. This proposition has been laid down and re-affirmed so often, that it must be deemed settled beyond further controversy (*Barnes* agt. *Perine,* 2 *Kern.,* 22 ; *Plumb* agt. *Cattaraugus Ins. Co.,* 18 *N. Y.,* 392 ; *Winchell* agt. *Hicks,* 18 *N. Y.,* 558 ; *Graser* agt. *Stillwagen,* 25 *N. Y.,* 315 ; *Seymour* agt. *Cowing,* 1 *Keyes,* 532 ; *Bidwell,* agt. *Lament,* 17 *How.,* 357 ; *Stedman* agt. *Western Tel. Co.,* 48 *Barb.,* 97 ; *Hoogland* agt. *Trask,* 6 *Rob.,* 540 ; *Luckey* agt. *Gammon,* 1 *Sweeny,* 12.)

It is claimed, however, that because a motion has been made, upon the judge's minutes, for a new trial, and an appeal taken from the order denying the motion, the appellate court may notwithstanding the omission of defendant's counsel on the trial, reverse the judgment, and grant a new trial, if, upon an inspection of the case, it should be of the opinion that the merits of the case have not been fully and fairly tried, and that injustice has been done. Without affirming the principle laid down in the opinion, reported as the opinion of the court, in *Lennox* agt. *Hoppock,* (1 *Sweeny,*

Schroff agt. Bauer.

466,) as that case may be distinguished from this by reason of the fact, that in that case, the motion for a new trial was made at special term, upon a case regularly made and settled, and not upon the judge's minutes, a distinction which becomes quite material whenever the question of the extent of the power of the court to grant a new trial for objections not taken at the proper time, is sought to be determined, it is sufficient to say, that the case at bar is not one which calls for the exercise of any such power. The plaintiffs, according to defendant's own showing, had done all in their power to earn their commission, and the defendant should not be permitted to deprive them of it by refusing to enforce the contract against the purchaser, and contenting himself with pocketing a profit of five hundred dollars, resulting from the transaction.

I have also looked at the two exceptions taken by defendant to the exclusion of evidence, and am satisfied, that they are untenable.

The judgment and order appealed from, should be severally affirmed, with costs.