GEORGE WESTCOTT and DE WILLOW W. NORTHRUP, Respondents, *v.* WILLIAM G. FARGO, as President of the American Merchants' Union Express Company, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

In an action to recover from an express company the value of goods lost by them, it appearing that the goods had been delivered to defendant at its regular place of business, and a receipt therefor given to plaintiffs, and that they were entered upon a shipping bill for their destination, which they never reached, and defendant could give no account of them after such delivery to it,—*Held,* that these facts were sufficient to justify a finding of loss by negligence on the part of the company.

Under such circumstances the plaintiff was not bound, it seems, to establish affirmatively that the loss occurred by defendant's negligence, but the burden of proof was upon defendant to show the absence of negligence on its part.

*Cochrane* v. *Dinsmore* (Court of Appeals, unreported) considered and distinguished.

Plaintiffs had been in the habit of doing business with defendant, and had been furnished by defendant with a book of its blank receipts, from which the receipt for the goods, valued at more than fifty dollars, had been taken and sent to defendant to sign when delivered. The receipt

contained a stipulation that the carrier's liability for loss or damage should not exceed fifty dollars, unless the true value should be stated in the receipt. A blank left in the receipt for the value was not filled, and it appeared that neither defendant, nor its agent who received and receipted the package, knew that "the value of the goods exceeded fifty dollars. *Held*, That plaintiffs were bound by the stipulation contained in the receipt, but that the loss of goods, as it proceeded from negligence, was not covered by it, it not being stipulated that the defendant should be exempted from liability for loss arising from negligence.

*Held*, further, that this rule would apply, although the stipulation provided that defendant should only be liable as forwarder.

*Held*, further, that an exemption from liability by the stipulation in the receipt, unless the claim was presented within thirty days from the accruing of the cause of action, did not apply to a loss by negligence; and, moreover, that such presentation was not a condition precedent to the right of action, and, as a limitation, should have been set up by answer.

It is no valid objection to an action against a joint-stock company, that the plaintiffs are corporators or members of the company.

APPEAL from a judgment entered upon the report of a referee.

The action was brought to recover the value, with interest, of a package of merchandise, containing 135 mink skins, the property of the plaintiffs, and of the value of $1,134.30, which had been delivered to the defendant for delivery to the plaintiffs.

The complaint alleged as follows:

That at the times hereinafter mentioned the plaintiffs were copartners in trade, doing business as such in Utica, Oneida county, New York, under the firm name and style of George Westcott & Company.

That the American Merchants' Union Express Company is, and was at the times hereinafter mentioned, a joint-stock company or association composed of more than seven shareholders, who are owners, and jointly and in common interested in the property of said company, and on account of said ownership and interest are liable to this action.

That William G. Fargo is, and was at the times hereinafter mentioned, president of said association.

That the said American Merchants' Union Express Com-

pany is, and was at the times hereinafter mentioned, organized and existing under and in pursuance of the laws of the State of New York, and engaged in the business of forwarding and transporting for hire and reward, as a forwarder and common carrier of goods and chattels in this State.

That on or about the 7th day of January, A. D. 1870, at the city of New York, one bale or package of merchandise, containing 135 mink skins, the property of the plaintiffs, and of the value of $1,104.30, was delivered to the said American Merchants' Union Express Company, as such carrier; to be by the said company forwarded and transported to the city of Utica, in the county of Oneida, and State of New York, and there safely delivered to these plaintiffs, to whom the said bale or package was consigned.

That the said American Merchants' Union Express Company, as such forwarders and common carriers, then and there accepted and received the said goods and merchandise; and then and there, in consideration of a certain reasonable reward, to be paid therefor by the plaintiffs, undertook and promised safely and securely to forward, transport and convey the said goods and merchandise from the said city of New York to Utica, aforesaid; and then and there, to wit, at the last named place, safely and securely to deliver the same to these plaintiffs, to whom the said goods were consigned.

That the said American Merchants' Union Express Company, as such common carrier, did not, and would not, safely and securely transport, forward or convey the said goods and package from the city of New York to Utica, and there, at Utica aforesaid, to securely and safely deliver the same, or any part thereof, to these plaintiffs; but, on the contrary, the said express company, as such carrier as aforesaid, so carelessly and negligently behaved and conducted itself in the premises that, by and through the carelessness, negligence and default of the said express company, its agents and servants, the said package and goods, so being, and of the value, as hereinbefore stated, were not conveyed to Utica nor delivered to these plaintiffs to whom they were consigned ·

but that said goods, and the whole thereof, became, and were lost to these plaintiffs, although the same were duly and often demanded by these plaintiffs of the said American Merchants' Union Express Company.

Wherefore the said plaintiffs demanded judgment against the said defendant, as president of the American Merchants' Union Express Company, for the sum of $1,104.30, with interest thereon from the 7th day of January, 1870, besides the costs and disbursements of this action.

The defendants' answer in the action was as follows:

"Defendants admit that the constitution of the American Merchants' Union Express Company is as is alleged in the complaint, and that William G. Fargo is president of said company or association.

Defendants deny each and every allegation of negligence or want of care, and each and every other allegation in the said complaint contained, except as is hereinafter otherwise stated.

Defendants aver that, at or about the time mentioned in the complaint, there was delivered to the American Merchants' Union Express Company, at the city of New York, a package, which defendants allege to be the same mentioned in the complaint, marked "Geo. Westcott & Co., Utica, New York," to be forwarded by the said company to Utica, New York, according to the terms of the agreement hereinafter mentioned; that the contents of said package, or the value thereof, were not known or made known to said company; and that they have not at any time had, and have not now, any knowledge or information sufficient to form a belief as to what were the contents of said package, or the value thereof; that at the time of the delivery of the said package to the said company, to be so forwarded as aforesaid, there was delivered by the shippers of the said package to the said company, for their signature, an agreement partly written and partly printed, which agreement was signed by said company, and redelivered to the shippers of said package, and accepted by them; that said agreement constitutes the sole and only

Westcott v. Fargo.

contract between the parties to this action respecting the forwarding and transporting of the said package; and by the terms thereof, the said company is not liable beyond the sum of fifty dollars for the alleged loss of the said package, if the same were lost. A copy of the said agreement is hereto annexed, marked "A;" and the original thereof, now in plaintiff's possession, is hereby referred to.

That by the failure on the part of the shippers of the said package to inform the defendants of the value of the same, defendants were deprived of their just reward for the transportation of the same.

For a second defence, defendants allege that on or about the 9th day of January, 1870, they delivered to the plaintiffs at Utica, New York, a package believed by the defendants to be the one mentioned in the complaint, and that said package was received by the plaintiffs, and receipted for by them.

For a third defence, defendants allege that the American Merchants' Union Express Company is a copartnership, and that George Westcott, one of the plaintiffs herein, is a partner thereof.

The referee found the following facts:

That the allegations of the complaint numbered one, two, three and four, are true; that at the time of the delivery of the said bale of mink skins they were so packed as not to indicate in any way the contents or value of the package; that when the said package was presented to the agent of the express company to be carried, the agent of the plaintiffs who so presented the package offered to the agents of the express company, to be signed, a paper partly written and partly printed, of which a copy is annexed to the defendants' answer (Exhibit A); that the agent of the express company thereupon signed the said paper, redelivered it to the agent of the plaintiffs, and received the said package to be carried under and upon the contract evidenced by the said paper; that neither the express company, nor its agent who received the package, had any knowledge that its value actually exceeded fifty dollars, or any notice or reason so to believe;

that the said package has not been delivered to the plaintiffs, who were the consignees thereof, although they afterward, at Utica, applied for and demanded the same at the office of the express company at that place of the persons in charge.

That at all the times mentioned in the complaint the plaintiff, George Westcott, was and still is a shareholder and one of the owners in interest in the said express company.

That the plaintiffs did not, within thirty days next after the accruing of a cause of action to them, under the said contract of carriage for the non-delivery of the said package, make a claim therefor upon the said express company in writing, in a statement to which the said contract of carriage was annexed.

That the value of the said package of furs, at the time the same was delivered to the express company to be carried, was $1,104.30.

Upon the facts, found as aforesaid, the referee decided, as matter of law, that the plaintiffs were entitled to recover against the defendant the value of the said package of furs, with interest, and directed judgment to be entered for $1,252.45; and from the judgment entered upon the report the defendant appealed, having duly excepted to the findings of the referee.

The contents of Exhibit "A," referred to in the referee's report, so far as necessary to be stated, were as follows:

"AMERICAN MERCHANTS' UNION EXPRESS COMPANY, NEW YORK, *January 7th*, 1870.

"Received of J. Ruszits one bale, said to contain valued at        dollars, marked Geo. Westcott & Co., Utica, N. Y.

"Which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions, namely: This company is not to be held liable for any loss or damage except as forwarders only. * * *

"Nor shall this company be liable for any loss or damage of any box, package or thing, for over fifty dollars, unless the

just and true value thereof is herein stated.   *   *   *   This company will not be liable for any loss or damage unless the claim therefor shall be made in writing, within thirty days from the accruing of the cause of action, in a statement to which this receipt shall be annexed.   The party accepting this receipt hereby agrees to the conditions herein contained.

"For the Company.

"C. E. WOOD, *Agent.*"

*H. C. Van Vorst* and *F. Kernan*, for the appellant.

*Charles Mason*, for the respondents.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   As we understand the finding of the referee, the fact is expressly found that the package in question was lost through the careless and negligent conduct of the express company's agents or servants.   He finds that the allegations of the complaint numbered one, two, three and four, are true.   The complaint, as it appears in the case, does not contain those numbers, but it was stated upon the argument by the plaintiffs' counsel, and understood to be conceded by the other side, that number four in the complaint, as it stood at the time of the trial, contained the allegation of loss by reason of the careless and negligent conduct and management of the defendants' agents and servants.   But if such was not the finding in terms, and such finding should be deemed necessary to support and uphold the judgment, the court will presume that the referee did find such to be the fact, if the evidence in the case would authorize or justify such finding.   (*Grant* v. *Morse*, 22 N. Y., 323; *Chubbuck* v. *Vernam*, 42 id., 432; *Rider* v. *Powell*, 28 id., 310.)

We think the evidence before the referee was abundantly sufficient to authorize the finding of the fact of the loss of the package by the negligence of the defendant.   It was received by the defendant at its regular place of business, and receipted to the plaintiffs, and was put on the shipping bill for its place

of destination. After this the defendant's agents can give no account of it whatever, or at least do not, and profess to be unable to do so. The very fact that after receiving it in this way the defendant's agents paid so little attention to the package as to be unable to give any other or further account of it, is sufficient of itself to justify a finding of loss by negligence, and even gross negligence, if that were necessary to create the liability and uphold the judgment.

The defendant's counsel insists that before a recovery can be had for a negligent loss of goods, it is for the plaintiff to show affirmatively how the loss occurred, and that its occurrence was through the defendant's negligence. But in most cases, and especially in a case of this kind, it would be utterly impossible for the plaintiffs to make any such proof. The goods are exclusively in the possession of the defendant, and the plaintiffs have no access to them, and presumptively can give no account of them after delivery, except as they derive information from those having the lawful custody. If they do not and cannot tell, how can the plaintiffs? The defendant ought to know, and the plaintiffs have no means of knowing. If the rule contended for were the true one, there could be no recovery for loss, in a vast majority of cases, where the recovery depended upon establishing negligence. Such a rule would be quite too dangerous, and too destructive to the interests of all bailors to be sanctioned or countenanced. On this point we are referred to the case of *Cochran* v. *Dinsmore*, decided in the Court of Appeals, and not yet reported, and have been furnished with the manuscript opinion of the chief justice of that court in the case. But the decision in that case does not sustain the position contended for.

In that case it was known or supposed to be known how the loss occurred. It was by the burning of the vessel in which the money or property was carried. And the judge charged the jury, that unless the defendant gave evidence to show that the ship did not take fire through the negligence of those in charge, the plaintiff was entitled, as matter of law, to recover; that the burden was upon the defendant to

Westcott v. Fargo.

negative the fact of negligence, and to show that there was no negligence in regard to the origin of the fire in the vessel. This was held to be erroneous in point of law, and that the case should have been submitted to the jury upon all the evidence, to find whether the loss was in fact occasioned by the defendant's negligence. That decision does not, as we conceive, affect this case, because here the fact of negligence is found, or is presumed to have been found, from the evidence.

Assuming that the fact of loss by the defendant's negligence is established, is the defendant liable beyond the amount of $50?

The value of the package lost was $1,104.30.

The defendant was a common carrier, and, but for the receipt or contract it entered into on receiving the goods, would clearly have been liable for the full value.

We understand the rule to be now well settled, that a common carrier may limit his common-law liability in certain particulars and to a certain extent by express contract with the owner or shipper of the goods. (*Dorr* v. *N. J. Steam Nav. Co.* 11 N. Y., 485; *Mercantile Mut. Ins. Co.* v. *Calebs*, 20 id., 173); *Bissel* v. *N. Y. Central R. R. Co.*, 25 id., 442; *Parsons* v. *Monteath*, 13 Barb., 353; *Moore* v. *Evans*, 14 id., 524; *Meyer* v. *Harnden's Express Co.* 24 How., 290; *French* v. *Buffalo, N. S. & Erie R. R. Co.*, 4 Keyes, 108.) But they cannot limit their liability by a mere notice, even though the notice is brought to the knowledge of the person whose property they carry. (*Blossom* v. *Dodd*, 43 N. Y., 264; *Dorr* v. *N. J. Steam Nav. Co.*, *supra*.) It must be by express contract.

Questions have sometimes arisen whether a receipt given the carrier for the goods, containing a clause limiting and restricting his liability, operated as a contract to that effect, between the carrier and the owner of the property carried under it, as in the case of *Blossom* v. *Dodd*, just cited. In such cases it has generally, if not uniformly, been held that whether such receipt was to be regarded as a contract depended upon the question whether the owner of the goods

taking the receipt knew its contents, or is presumed to have known them. If he knew, or is presumed to have known, from the nature of the transaction, the law infers his assent and makes it the contract between the parties. (*Blossom* v. *Dodd, supra.*) Otherwise there is no meeting of minds and and no express contract. In the case at bar, the plaintiffs must be presumed to have known the contents of the receipt and to have assented to it.

They furnished the blank which the defendant's agent signed. They had previously been in the habit of doing business with the defendant, and had been furnished with a book containing these blank printed receipts, which they kept, and from which the receipt in question was taken by them and sent to the defendant to be signed when the goods were delivered. The blank left in the receipt for the value of the goods was not filled, and the referee finds that neither the defendant nor its agent, who had received and receipted the package, had any knowledge that its value exceeded fifty dollars, or any notice or reason so to believe.

We are of the opinion, therefore, that the referee correctly held that the package was received to be carried according to the terms of the receipt, and upon the contract of which the receipt was the evidence. The defendant is not, therefore, liable in any event beyond the sum of fifty dollars, if the loss· falls within the contract and is covered by it. But it does not.

Loss occasioned by the carelessness or negligence of the defendant or its agents or servants is not mentioned in terms in the contract, and the law will not presume that a loss so occasioned was intended by the parties. The contract is to be construed most strictly against the carrier, where it rests in a receipt signed by him only; and where it stipulates for a restricted liability in case of loss, it will not be construed to embrace a loss arising from the careless and negligent acts of the carrier or his servants, unless a loss from such cause is provided for in express and unequivocal terms in the contract. (*Wells* v. *Steam Navigation Co.*, 8 N. Y., 375; *Stedman* v.

*Western Transportation Co.*, 48 Barb., 97; *Hooper* v. *Wells, Fargo & Co.*, 5 Am. Law Reg. [N. S.], 16, and note to case.)

And the rule of construction is the same where by the terms of the contract the carrier is only to be held liable as a forwarder. The exemption in such cases only applies to losses for which the carrier would be liable as insurer in his capacity of common carrier. This we regard as a sound and salutary rule of construction.

The law seems to be now well settled in this State, that a carrier may, by express contract, exempt himself from liability for a loss arising even from the carelessness and negligence of his servants or agents.

But in all such cases where the exemption for loss from such cause is expressly provided for in the agreement, it has been uniformly held that such contract had no application to losses occasioned by the fraud or gross negligence of the carrier or his servants and agents, and that the stipulation for exemption only applied to losses arising from want of ordinary care. (*Guildaume* v. *Hamburg & Am. Packet Co.*, 42 N. Y., 212; *Wells* v. *The Steam Navigation Co.*, 8 id., 375; *Alexander* v. *Green*, 7 Hill, 544.) But here there is no such stipulation, and it must be held that the contract does not relate to losses arising from the negligence of the defendant or its agents. The same rule is applicable to the stipulation in respect to presenting the claim within thirty days from the accruing of the cause of action.

But, beside this, the presentation of the claim within the time and in the manner there specified, is not a condition precedent to the right of action, and as a limitation it is not set up in the answer. (*Place* v. *The Union Express Co.*, 2 Hilton, 19.)

It is no valid objection to the action that the plaintiffs are corporators or members of the company. The action is against the corporation. We are, therefore, of the opinion that the judgment is right, and should be affirmed.

Judgment affirmed.