By the Court.—Mohell, Ck. J.
I do not deem it necessary to review the voluminous evidence in this ease, in a written opinion. I have examined it with care, and can find no reason for disturbing the verdict. It presents many points in conflict, and the case is brought within the well-grounded rule, that upon such evidence, the verdict of a jury is conclusive.
Upon the facts, therefore, I am of the opinion that we should sustain the verdict. And this disposes of the grounds for the motion for a new trial, and leads to an affirmance of the order denying that motion.
And so in regard to the alleged restoration of a part of the money to the Bowling Green Savings Bank. The testimony of the plaintiff’s witness was that the forty thousand dollars was a payment on account of an existing indebtedness to the Guardian Savings Bank ; and that of the defendant, that it was a loan to that bank. Upon the finding of the jury on this evidence, depended the success or failure of that part of the defense. It. was submitted by the court, as a question of fact upon the evidence, with .instructions (substantially), that if it was found to have been a loan, and was paid to the Bowling Green Bank, the amount should be deducted from the recovery. The jury have found against the defendant.
The objection that other persons should have been made parties was correctly disposed of. The transaction which fixes the liability of the defendant was individual, and not connected with the persons named. If the moneys of the bank, in respect to the sums claimed in this action, were taken or misappropriated at all, it was the individual and personal act of the defendant, and not collectively with other persons; and the action is, therefore, properly against him alone.
Two questions, however, are of sufficient importance to deserve a more extended examination. The first is whether the action, which is.for the conversion of the *402 “funds, moneys and property” of the bank, can, under the evidence, be maintained.;—and the second, whether there was error in allowing the amendment of the complaint.
• The allegation in the complaint is that the defendant, wrongfully and unlawfully, took and converted to his own use the funds, money and property of the bank ; and the proofs show that certain checks belonging to the bank were appropriated by the defendant to his own use. The allegation in the complaint, it is contended,, makes this what would formerly have, been denominated an action of trover, and that such an action does not lie for the conversion of checks which are mera dioses in action.
The first answer to this objection is, that allegations in a complaint do not, necessarily, give form to the action, for form is not essential. If a cause of action is stated, it is sufficient, and it is immaterial whether it be such as was formerly a simple assumpsit, or a tort; or of an equitable or legal nature. Actions are no longer known by names. All are actions, only the causes, or the facts constituting the causes, of action are different; and the only inquiry is, do the facts stated constitute a cause of action of any kind ? If, however, the proof does not sustain the facts as stated, it is a variance, and may require a dismissal of the action, or, in proper cases, an amendment may be allowed.
The words wrongfully and unlawfully took and converted to his own use, would, perhaps, have been inappropriate under the old system in an action of assumpsit for money lent, or had and received ; and the proofs in this case would, perhaps, have failed to show such a cause of action; and it is probable the court would have been obliged to nonsuit the plaintiff.' .But under the present mode of procedure, the employment of particular words in stating the cause of action, will not so characterize the action, and conclude the *403 party, that he must prove the cause of action precisely as stated. If the facts constitute a cause of action of any Mnd, it will be sufficient, without regard to the manner of stating them. And if the proof sustains a cause of action which can be found in the complaint, it is enough, although inappropriate language may have been used in stating it.
Stripped of mere verbiage, the cause of action stated in the complaint, is, that the defendant, entrusted with certain checks of the bank, instead of paying the debt of the bank with them, or with their proceeds, appropriated the amount to his own use. Upon these facts being established, the plaintiff could- recover as for money had and received, or for money lent and advanced. For even if the taking was tortious, the tort' could be waived, and a simple assumpsit maintained.
But I think that even if this is to be regarded as an action for the actual or technical conversion of the plaintiff’s property, it can be sustained under the proof.
The defendant was an officer of the bank who was forbidden, by its charter, from borrowing the funds of the bank, or in any manner using the same. In his capacity as such officer, the defendant, without the knowledge or consent of the bank, and in violation of its expressed prohibition, used the funds of the bank.' That was wrongful and unlawful, and, in judgment of law, was a conversion to his own use of the funds of the bank, for which an action would lie, if a bank check is the subject of a conversion ; and would lie irrespective of the prohibition in the charter.
The allegation is that the defendant took and con verted the “ property ” of the bank, and a bank check is property. It is a chose in action, and like an inland bill of exchange, or a promissory note, which is property, may be converted to the use of another (Murray v. Burling, 10 Johns. 172; Case v. Mech. Bkg. Ass., 4 N. Y. 166 (which was an action for the conversion *404 of a banJc checlc, and although the question was decided against the plaintiff on the merits, no doubt was suggested that such an action would not lie), and see Decker v. Matthews, 12 N. Y. 313 ; Luckey v. Gannon, 1 Sweeny, 12).
In either aspect, therefore, whether for a conversion or for money had and received, the proofs were sufficient to sustain the action. And courts are bound to apply to actions the liberal rules of construction which have taken the place of the harsher and stricter ones which heretofore prevailed. In Gordon v. Hostetter (37 N. Y. 99), the action was for the conversion by a clerk pf the money of his employers, and the court of appeals, after examining the question whether an action for conversion would lie, and deciding that it would, say: “Even if we had arrived at a different conclusion on this point, we should hold the verdict good, as for moneys had and received, on the waiver by the plaintiffs of the tort alleged. It is true, that under ordinary circumstances, the refusal to pay over-money, had and received, to the use of another, is not in law a conversion. It does not, however, follow from this, as a counter proposition, that, under our present system of pleading, a party who has alleged and proved facts, entitling him to judgment as for moneys had and received, will be barred from that relief by his failure to prove other and further allegations, which would have entitled him to a more stringent remedy. The material averments of the complaint in this regard, were fully sustained by the prqof.” In Sternberger ». McGovern, a recent decision of the court of appeals (15 Abb. Pr. N. S. 257), the action was for the specific performance of a contract for the exchange of land. The special term granted the relief demanded, but the general term, reversing the judgment, held; it was not a case for equitable relief, but the subject of a common-law action for damages for the breach of the contract. *405 ■and dismissed the complaint. This, the court of appeals held, was erroneous. That as the facts stated were sufficient to sustain a common-law action, the plaintiff had the right to a trial of that cause of action, notwithstanding he had failed to sustain his claim for equitable relief, and therefore the complaint should not have been dismissed. This decision is founded upon the ■change produced by the code in authorizing the uniting of legal and equitable causes of action in the same complaint, and fully recognizes the rule of liberal construction of pleadings, which, in furtherance of justice, should be allowed to prevail under the present system.
The next question is, was there error in allowing the complaint to be amended ? And this is resolved into a question of power only. If the court was authorized to allow the amendment, then its allowance was discretionary, and the decision can not be reviewed.
The power to allow amendments at the trial, is less than is possessed by the court at special term (Brown v. Leigh, 49 N. Y. 78). And no amendment can be allowed at the trial, which substantially changes the claim or'defense (Code, § 173). But the court at special term is not restricted, and a new cause of action, of the same class, may be set forth.
The amendment was authorized in this case, if it did not substantially change the plaintiff’s claim.
The action was for appropriating the property of the bank, which consisted of checks, which had come to the defendant’s possession as an officer of the bank, and which he had taken to his own use. The complaint alleged the taking, and that it was of the value of sixty-six thousand two hundred dollars, for which, sum and interest, judgment was demanded. There was no specification in the complaint of the property taken, but on the trial the plaintiff proved that several cheelcs came to the defendant’s possession, which he collected, and appropriated the proceeds. The plaint *406 iff proved checks taken, to the aggregate of sixty-six thousand two hundred dollars, and then offered another and further check for eleven thousand two hundred and eight dollars and thirty cents, which would increase the liability to seventy-seven thousand four hundred and eight dollars and thirty cents. This check was objected to, generally, but the court overruled the objection and admitted the proof.
It is clear that no valid objection could be made to the proof. Under the complaint, proof of any number of checks taken was admissible ; and the only question which could be raised, was, to the right of the plaintiff to recover more than the sum of sixty-six thousand two hundred dollars and interest, as demanded in his complaint.
But both parties litigated this part of the case, and evidence was given by each side in respect to it, the defendant not claiming to be surprised or unprepared to meet the issue.
At the close of the testimony the application was made to amend the prayer for relief,, by increasing the amount for which the plaintiff demanded judgment. It was allowed, on the ground, as the case shows, that both parties had given evidence relating to the check.
It is pretty well settled that after verdict an amendment of this character can not be allowed, except upon terms of a new trial and payment of costs (Dox v. Dey, 3 Wend. 356 ; Bowman v. Earle, 3 Duer, 691 ; Corning v. Corning, 6 N. Y. 97). But the want of power seems to be confined to amendments after verdict, leaving it ibefore verdict to be governed by the rules applicable to other amendments ; when, if there has been no injustice done, or surprise liad, it is usually and properly allowed.
In Bedford v. Terhune (30 N. Y. 453), the action was to recover for the use and occupation of premises, and the defendant showed a lease under seal. The *407 court allowed the complaint to be amended at the trial, by conforming it to the facts. The court admitted that this case carried the right of amendment to a great length; but that there should be much liberality in giving effect to the code. And reference is made to vases where amendments have been allowed at the trial. To Robinson v. Wheeler (25 N. Y. 252), where the defendant was charged with having set fire to a wood shed, and it was shown to have been the result of negligence. To Byxbie v. Wood (24 N. Y. 607), where fraud was alleged, and not proved. And to Harpending v. Shoemaker (37 Barb. 270), where the action was for money had, and received ; and it was proved on the trial, that the defendant had unlawfully taken and converted the plaintiff’s property, sold it and received the avails.
Johnson v. Brown (57 Barb. 118), sustains this right of amendment before verdict, upon the authority of Bedford v. Terhune (sup.), and Vibbard v. Roderick (51 Barb. 616).
In all these cases the power is fully recognized, and its exercise is regarded as wholly discretionary.
There was no wrong done in allowing the amendment in the case before us. The defendant was not surprised, nor could he well be, by the proof of the additional check; and he did not claim to be unprepared to meet it. Nor did he ask to have any terms imposed. The amendment was, therefore, proper, and the objection to it furnishes no ground for reversing the judgment.
I have examined the numerous other exceptions taken by the defendant at the trial, and, without reviewing them at length, hold none of them to have been well taken.
The judgment and order should be affirmed, with -costs
Freedman and Sedgwick, JJ., concurred.