VROMAN v. AMERICAN MERCHANTS' UNION EXPRESS COMPANY.

*Common carrier — receipt limiting liability not binding as against carrier's negligence — Agency — waiver by agent of carrier — Damages — market value.*

An express company upon receiving goods for transportation, gave a receipt in which it was provided the company should not be liable in case of loss, for over $50, unless the value was therein stated, and not liable for any loss unless the claim therefor was made in writing within thirty days, etc. *Held,* that these conditions did not limit the liability of the company for damages caused by its own negligent delay to deliver the goods sent.

A waiver of a condition of the receipt by the express company's agent at the place where the goods were sent from, *held* binding on the company.

The goods were sent from S. where they were manufactured, and where there was a market value therefor, to be delivered at C., where there was no market value. *Held,* that a resort could be had to the market price at S., to determine the value of the goods.

APPEAL by defendant from a judgment in favor of plaintiffs, entered upon the report of a referee.

The action was brought in Onondaga county by Alexander J. Vroman and others, constituting the firm of Vroman, Bowers & Co., against the defendant above named, a common carrier, to recover damages for the negligent delay of defendant in delivering goods placed in its charge for transportation. The circumstances were these: In 1871, plaintiffs, who do business in Syracuse, N. Y., entered into a contract with one Wehe, a merchant of Chicago, Ill., to deliver to him on or about the 10th of December, at his store, in Chicago, a quantity of ladies' shoes. At that time, eight days was a reasonable time within which to transport such goods by express from plaintiffs' place of business in Syracuse, to that of Wehe in Chicago. For the purpose of carrying out their agreement, on the 2d of December, plaintiffs delivered to defendant at Syracuse, the goods contracted for directed to Wehe, and defendant undertook to transport them to Chicago and deliver them to Wehe. At the time of receiving the goods, defendant's agent gave to plaintiffs a receipt therefor, containing among other stipulations and conditions, designed to exonerate defendant from its ordinary liability as common carrier, the following:

"Nor shall this company be liable for any loss or damage of any box, package, or thing, for over $50, unless the just and true

value thereof is herein stated; nor upon any property or thing unless properly packed and secured for transportation, nor upon any fragile fabrics, unless so marked upon the package containing the same, nor upon any fabrics consisting of or contained in glass. This company shall not be liable for any loss or damage unless the claim therefor shall be made in writing within thirty days from the accruing of the cause of action, in a statement to which this receipt shall be annexed. The party accepting this receipt hereby agrees to the conditions herein contained. For the company, Perkins, agent." The value of the goods was not stated in the receipt.

The defendant did not offer to deliver the goods to Wehe until the 19th day of December, when Wehe refused to receive them in consequence of their late arrival, and to pay the price agreed to be paid by him to plaintiffs therefor. The goods were returned to plaintiffs, who paid the charges for transportation thereupon.

During the time the goods were delayed in Chicago and being returned plaintiffs had various interviews with the agent of defendant at Syracuse for the purpose of obtaining a settlement of their loss, and negotiations were pending for a settlement over two months, but no written notice of loss with the receipt attached was ever presented.

At the time of the offer to deliver the goods to Wehe in Chicago there was no demand for such goods in that market. The price agreed to be paid by Wehe for all the goods sent was $723, and expenses of transportation. The best price plaintiffs could obtain for the goods after their return to Syracuse was $510. The difference between the two amounts added to the sums paid by the plaintiffs for transportation was awarded by the referee as damages.

*Bowen, Rogers & Locke,* for appellant. Plaintiff had not title sufficient to maintain the action. *People* v. *Haynes,* 14 Wend. 546; *Rodgers* v. *Phillips,* 40 N. Y. 519; *Cross* v. *O'Donnell,* 44 id. 661. Compliance with the condition of the receipt was essential to the maintenance of the action. *Belger* v. *Dinsmore,* 51 N. Y. 166. The agent could not waive the condition. *Lampkin* v. *West. Assur. Co.,* 13 Upp. Can. (Q. B.) 237. The measure of damages was erroneous. *Ingledew* v. *Northern R. R. Co.,* 7 Gray, 86; *Smith* v. *N. H. & Northampton R. R. Co.,* 12 Allen, 531; *Ward* v. *N. Y. Cent. R. R. Co.,* 47 N. Y. 29. Under the contract the recovery

could not exceed $50. *Lawrence* v. *N. Y., Prov. & B. R. R. Co.*, 36 Conn. 63; *Wetzell* v. *Dinsmore*, 9 Alb. L. J. 358; *Belger* v. *Dinsmore, supra.*

*Thomas Byrne* and *Hunt & Weaver,* for respondents.

GILBERT, J. The referee held correctly that the title to the goods remained in the plaintiffs. There is no evidence justifying an inference that the property had passed to the buyer.

The action being one for negligence, in not delivering the goods within a reasonable time, in other words, for a breach of duty on the part of the defendants, and not for a loss of, or damage done to the goods, the stipulation contained in the receipt taken by the plaintiff, upon the delivery of the goods to the defendant, limiting the amount to be recovered, and the time for commencing the action, do not apply to this case. *Westcott* v. *Fargo*, 6 Lans. 319. Moreover, there was a complete waiver of the latter stipulation, arising from the negotiations which took place after the non-delivery of the goods, by the defendants. The case discloses no lack of authority in Higgins to bind the defendants. He was their general agent, held out to the world as such, and it was quite in accordance with the usual functions of such agents to conduct such negotiations. We must, therefore, give his acts a binding effect.

The rule of damages was correct. Ordinarily, damages in cases like this are fixed by the market value at the place of delivery. But there are exceptions to the rule, and this case presents one of them. The evidence shows with reasonable certainty that the goods had no market-value in Chicago. The place of manufacture was, therefore, properly resorted to for the purpose of determining the value of the goods. Sedgw. on Dam. (6th ed.) 334, 426, 583, and notes.

The judgment must be affirmed.

*Judgment affirmed.*