## New York Marine Court.

*General Term—December*, 1881.

FREDERICK STREBE, AS PRESIDENT OF THE GOETHE KRANKEN UNTERSTÜTZUNGS VEREIN, No. 1, *against* JOHN ALBERT.

The president of an unincorporated association consisting of more than seven members may maintain an action on behalf of the association, against its treasurer, for moneys of the association converted by him to his own use, and an order of arrest may issue in such action.

Appeal from an order of the special term vacating an order of arrest.

Strebe *v.* Albert.

This action was brought by the plaintiff, as president of the Goethe Kranken Unterstützungs Verein, No. 1, and upon its behalf against the defendant, who was treasurer of the verein, to recover moneys belonging to it amounting to $483.56. The verein is a voluntary unincorporated association consisting of more than seven members, and having a president and treasurer. The ground of action and of arrest in respect to said moneys is stated in the plaintiff's affidavit, as follows : "That the said defendant received said money in a fiduciary capacity—to wit, as treasurer of said association—and which he was bound to keep as such treasurer, for the use and benefit of said association, and subject to its order ; but that said defendant, in disregard of his office and duties as treasurer of said association, has, since said money came into his hands, wrongfully and unlawfully converted the same to his own use, and has refused to obey the orders of the said society to divide the money among the members of said society, and has refused to give the members the said money, to the damage of the plaintiff and of said association $483.56."

The defendant moved upon the original papers to vacate the order of arrest granted in the action, and thereby admitted for all the purposes of the motion that the facts hereinbefore charged were true.

The justice at special term granted the motion, and the plaintiff appeals.

*Alfred Steckler*, for plaintiff and appellant.

*L. C. Wæhner*, for defendant and respondent.

McAdam, J.—These voluntary associations are commonly called joint stock companies, and they may, by force of the statute, sue and be sued in the name of the president or treasurer for the time being (*L.* 1849, p. 389 ; *L.* 1851, p. 838 ; *L.* 1853, p. 283); while not corporations, they possess many of the attributes peculiar

to corporations. While the members, as between themselves, are not partners. they are subject to many of the legal liabilities and disabilities of partners.

But as between an individual member on the one hand and the association in its official capacity on the other, it is to be regarded as a quasi corporation, capable of being sued by such member for any breach of its official obligations, of which the agreement to pay benefits to a sick or distressed brother is a familiar illustration. While the association may be sued by a member, he may in turn be sued by it. Thus, if the individual member be in arrears for dues or the like, the association may, by action in the name of its president or treasurer, enforce the payment of such arrearages.

These illustrations are given to show the practical relation existing between the society as such, on the one hand, and the individual mmbers, upon the other, without which correlative rights, with the means of enforcing them, these useful organizations would be incapable of exercising their ordinary functions or answering the purposes of their creation.

That a voluntary association like the present may be sued by one of its members see Westcott v. Fargo (61 *N. Y.* 549); Tibbett v. Blood (21 *Barb.* 650); *Boone's Manual of the Law of Corporations*, § 73; Westcott v. Fargo (6 *Lans.* 319); and that it may sue one of its members see Clancy v. Terhune (1 *City Ct.* 239). The principle involved here is unlike that decided in McMahon v. Rauhr (47 *N. Y.* 67). That was an action between the individual members of a voluntary association, and the court properly held that they must seek their remedy in a court of equity.

In the present case the funds in the hands of the defendant, as treasurer, belong to the association ; the defendant has no severable proprietary interest in said fund, nor has he a right to any proportionate amount thereof, unless, perhaps, on the dissolution of the asso-

Strebe *v.* Albert.

ciation, he shall then be a member. He was the mere fiduciary of the society, holding its funds subject to its orders and directions. The association in due form ordered him to pay over the money in his hands; he refused to obey such orders, and was consequently guilty of a conversion of the funds of the association, for which he was liable to arrest. If for any lawful reason he was justified in disobeying these orders, he should have made his excuse affirmatively appear, and the court would have passed upon its sufficiency; but the case upon the plaintiff's papers presents the simple question whether the fiduciary servant of a voluntary association can arbitrarily disobey its orders, keep its funds, and exempt himself from the ordinary jurisdiction of the court to compel him to pay them over by technical rules, which, for obvious reasons, apply exclusively to remedies between partners for the winding up of their partnership concerns.

We can subscribe to no such inequitable doctrine.

Fiduciaries of voluntary associations, or of public trusts, must render a just and faithful account of their stewardship whenever called upon by their principals, or be held to answer by the ordinary tribunals of justice for every breach of their sacred duty.

It follows that the order appealed from must be reversed, and the order of arrest reinstated, with costs.

SHEA, Ch. J., and NEHRBAS, J., concur.